**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DELESLIE ADAMS,<br>Plaintiff,<br>v.<br>ENPLAS USA, INC.,<br>Defendant. | Civil Action No.<br>1:25-cv-03882-SDG |

**OPINION AND ORDER**

Plaintiff Deleslie Adams sued his former employer, Defendant Enplas USA, Inc., for alleged discrimination and retaliation under Title VII and 42 U.S.C. § 1981, as well as for violations of the Fair Labor Standards Act (FLSA).[1] Enplas moved for summary judgment, asserting that all of Adams's claims are barred by an agreement (the Release) the parties entered into before Adams filed this suit.[2]

On May 13, 2026, United States Magistrate Judge Catherine M. Salinas issued a Final Report and Recommendation (R&R) recommending that Enplas's summary judgment motion be granted and all of Adams's claims be dismissed.[3] Adams objected to the R&R,[4] and Enplas responded to the objection.[5] In sum, the

1 ECF 1.

2 ECF 14-1, at 15–19.

3 ECF 24.

4 ECF 29.

5 ECF 30.

objection and response debate the meaning of the word "injury" as used in the Release. That term includes Adams's discrimination and retaliation claims; but parties cannot legally release FLSA overtime claims through such private agreements. Adams's objections are therefore **SUSTAINED in part** and **OVERRULED in part** [ECF 29]. Accordingly, the R&R is **ADOPTED in part** and **DECLINED in part** [ECF 24], and Enplas's motion for summary judgment is **GRANTED in part** and **DENIED in part** [ECF 14].

## I. Applicable Law

### A. Standard of Review

A party challenging a report and recommendation issued by a United States magistrate judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ.

P. 72(b). In addressing objections, the district court may consider an argument that was never presented to the magistrate judge or decline to consider such an argument. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009).

### B. Contract Construction

Under Georgia law, construction of a contract is a matter of law for the court. *Envision Printing, LLC v. Evans*, 336 Ga. App. 635, 638 (2016) (quoting *Gen. Steel v. Delta Bldg. Sys.*, 297 Ga. App. 136, 138 (2009)); *see also Gans v. Ga. Fed. Sav. & Loan Ass'n*, 179 Ga. App. 660, 662 (1986) ("It is ordinarily the duty of the court to interpret a contract as a matter of law."). The court first looks to the four corners of the agreement to determine the contract's meaning "from the language employed." *Brogdon v. Pro Futures Bridge Cap. Fund, L.P.*, 260 Ga. App. 521, 523 (2003). "[W]here the language of [the] contract is clear, unambiguous, and capable of only one reasonable interpretation, no construction is necessary or even permissible by the trial court." *Ainsworth v. Perreault*, 254 Ga. App. 470, 476 (2002) (citation omitted).

## II. Discussion

The R&R concluded that Enplas and Adams had entered into a full and complete release of all claims arising out of any "accident or injury" Adams suffered while employed at Enplas. Finding the Release to be "clear and unambiguous," Judge Salinas determined that all of Adams's claims were barred

by it. The R&R rejected Adams's contentions that the Release covered only physical injuries and did not bar his current claims.[6]

### A. Adams' Objections

Adams does not object to the R&R's recitation of the applicable summary judgment standard or the undisputed facts. Finding no error in those parts of the R&R, undersigned adopts them as the Order of this Court.[7] But Adams does object to the R&R's (1) analysis of his FLSA overtime claim and (2) interpretation of the Release. First, Adams argues that, under Eleventh Circuit precedent, a private release cannot extinguish an FLSA overtime claim. Second, he contends that the Release related only to the settlement of a worker's compensation claim.[8]

#### 1. The FLSA Claim

Adams's complaint alleged at least one occasion where he worked overtime for which he was not compensated, and that Enplas engaged in a "pattern of coercing" Adams to work overtime without properly compensating him.[9] In

---

6 *See generally* ECF 24.

7 ECF 24, at 1–7.

8 ECF 29. Adams frames this second contention as three separate objections: that the R&R erred in concluding that the phase "accident or injury" unambiguously applies to his claims here; that the R&R failed to apply the proper Georgia rules of construction; and that the lack of a "carve-out" for discrimination and retaliation claims in the Release does not support the conclusion that the Release includes such claims. *Id.* at 8–25.

9 ECF 1, ¶¶ 29–32. Adams brought FLSA claims for failure to pay overtime and for retaliation. *Id.*, Counts V–VI. His objection concerning the necessity for

moving for summary judgment, Enplas did not argue a failure of evidence in support of this claim. Rather, Enplas asserted that all of Adams's claims were barred by the Release.[10] As a result, the R&R did not separately analyze the FLSA overtime claim and the discrimination/retaliation claims. Adams objects that this was error because an employer and employee cannot resolve an FLSA overtime claim without court approval.[11] Enplas's reply does not address this argument; it again argues that the Release covers the FLSA claims.[12] But Adams is correct.

Regardless of whether the Release is broad enough to encompass the FLSA overtime claim, parties cannot resolve such claims by private agreement. In fact, there are only two ways to resolve an FLSA overtime claim. First, the Secretary of Labor may supervise the payment of unpaid wages owed to employees. *Lynn's*

---

Court approval of an FLSA-related settlement relates only to his failure-to-pay-overtime cause of action.

10 ECF 14-1, at 1–8.

11 ECF 29, at 6–7. Adams did not raise this argument in response to Enplas's motion for summary judgment (*see generally* ECF 20), but the Court finds it appropriate to consider it now. *Williams*, 557 F.3d at 1290–92 (indicating that the district court can, in ruling on objections, consider an argument that was never presented to the magistrate judge). This is particularly so given the public policies behind the FLSA's requirement that a court approve settlements of unpaid overtime claims. *Lynn's Food Stores*, 679 F.2d at 1354 ("[T]o approve an 'agreement' between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.") (citations omitted).

12 ECF 30, at 2–3.

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer, the parties may "present to the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353.

There is no evidence here that the Secretary of Labor supervised the payment of Adams's allegedly unpaid overtime wages or that a court entered a stipulated judgment after determining the proposed settlement (in the form of the Release) was "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. The Eleventh Circuit has made clear that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 1352 (quoting *Barrentine v. Ark.–Best Freight Sys.*, 450 U.S. 728, 740 (1981)). In *Lynn's Food Stores*, the Eleventh Circuit rejected a similar attempt by the employer to negotiate a private settlement with its employees to resolve back wage claims. The court emphasized that "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id.* at 1352. The Release could not, therefore, legally extinguish Adams's FLSA overtime claim.

Accordingly, the Court declines to adopt the R&R to the extent that it concludes the overtime claim is barred by the Release and should be dismissed. Adams will instead be entitled to proceed on Count V of his complaint; Enplas's summary judgment motion is denied without prejudice in this regard.

**2. Discrimination and Retaliation Claims**

The R&R concluded that the Release, read as a whole, was "clear and unambiguous," in generally releasing "any and all" causes of action and claims of every kind.[13]

In pertinent part, in the Release Adams acknowledged:

> full accord, satisfaction and settlement ***of any and all actions, causes of action, damages, claims of damage, and claims for workers' compensation benefits*** of every kind and character whatsoever, known or unknown, accrued or to accrue in the future, which undersigned *has* or claims to have by reason of any alleged ***accident or injury*** suffered by undersigned, alleged to have occurred during the period while undersigned was employed by Enplas.[14]

In objecting to the R&R, Adams argues that the Release must be read in the context of the fact that he was settling a worker's compensation claim such that "accident or injury" can only be reasonably read to refer to ***physical*** injuries.[15] He also asserts

---

[13] ECF 24, at 10; *see generally id.* at 8–14.

[14] ECF 14-1, at 15. The R&R discusses in detail other provisions throughout the Release that restrict Adams's ability to bring new claims. ECF 24, at 4–7.

[15] ECF 29, at 10–16.

that the R&R erred by concluding that the Release did not carve out any provisions from its scope because, Adams contends, the agreement never covered his discrimination and retaliation claims in the first place.[16]

The Court has conducted a *de novo* review of the record and agrees with Judge Salinas's reasoning and conclusion that the Release is a general one that encompasses Adams's discrimination and retaliation claims, as well as any physical or other type of injury suffered by Adams during his employment. To be sure, the Release applies to Adams's worker's compensation claim. But it is not limited to that claim. As discussed extensively in the R&R, Adams repeatedly acknowledged in the Release that he was releasing any and all claims of any kind.[17] Nothing in the Release suggests that "injury" refers only to physical injuries, such as those potentially compensable through a worker's compensation claim.

In fact, the broad scope of the Release reflects otherwise. If the parties had intended only to release Adams's then-pending and other possible worker's compensation claims, the agreement would have said so. It doesn't. Instead, the Release applies to ***all*** actions, causes of action, damages, and claims of damage, and ***all*** claims of every kind and character; it also prohibits Adams from suing Enplas in any court "on account of ***any*** claim, demand for damages, costs,

---

16 *Id.* at 24–25.

17 *See, e.g.*, ECF 14-1, at 15 para. 1, 2; *id.* at 16 para. 1; *id.* at 17 para. 2.

expenses . . . or to seek ***any*** relief" growing out of known or unknown damages.[18] Any means any. The Release does not exclude ***any*** type of claim from its scope.

Enplas is therefore entitled to judgment as a matter of law on Counts I-IV and VI of the complaint.

## III. Conclusion

Adams's objections to the R&R [ECF 29] are **SUSTAINED in part** and **OVERRULED in part**. The R&R [ECF 24] is **ADOPTED in part** and **DECLINED in part** [ECF 24]. It is adopted as to its conclusion that the Release bars Adams's discrimination and retaliation causes of action (Counts I–IV, VI) and its recommendation that Enplas's motion for summary judgment be granted in that regard. It is declined as to its conclusion that the Release bars Adams' FLSA overtime claim (Count V) and its recommendation that Enplas's motion for summary judgment be granted in that regard. Accordingly, Enplas' summary judgment motion [ECF 14] is **GRANTED in part** and **DENIED in part**. Counts I through IV and VI in the complaint [ECF 1] are **DISMISSED with prejudice**. Only Count V remains.

The parties are **DIRECTED** to file a proposed scheduling order within 14 days of this Order.

---

18 ECF 14-1, at 15, 16 (emphasis added).

The Clerk is **DIRECTED** to submit this Order to undersigned after 14 days.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge